IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARROLL COUNTY, VIRGINIA, | ) | |
| a political subdivision of the | ) | |
| Commonwealth of Virginia | ) | |
| 136 E. Main Street | ) | |
| Independence, Virginia 24348 | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Case: |
|     v. | ) | Assigned To: |
| | ) | Assign. Date: |
| ERIC H. HOLDER, JR., Attorney General of the | ) | Description:  Three Judge Court – |
| United States of America | ) |         Civil Rights – Voting Rights |
| Civil Rights Division | ) |         Act |
| United States Department of Justice | ) | |
| THOMAS E. PEREZ,  Assistant Attorney General of the | ) | |
| United States of America | ) | |
| Civil Rights Division | ) | |
| United States Department of Justice | ) | Three Judge Court Requested |
| 950 Pennsylvania Avenue | ) | |
| Washington, DC  20530 | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

COMPLAINT

Carroll County, Virginia, alleges that:

1.    This is an action brought for declaratory relief pursuant to Section 4 of the Voting

Rights Act of 1965, as amended, 42 U.S.C. §1973b (hereinafter "Section 4").  This Court has

jurisdiction over this action pursuant to 28 U.S.C. §1343(a)(4), 28 U.S.C. §2201, and 42 U.S.C.

§1973b.

2.    The Plaintiff, Carroll County ("the County"), is a political subdivision of the

Commonwealth of Virginia and thus a political subdivision of the state within the meaning of

Section 4(a) of the Voting Rights Act.  See 42 U.S.C. § 1973b(a)(1)(A); see also *Northwest*

*Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193 (2009).  There are two other elected

governmental units within the meaning of Section 4(a) of 42 U.S.C. § 1973b(a)(1) that exist

within the County:  Carroll County School District (the "School District") and the Town of

Hillsville (the  "Town").

      3.      The County is in the western part of the Commonwealth of Virginia and lies east

of North Carolina.

      4.      The County, School District, and Town are covered jurisdictions subject to the

special provisions of the Voting Rights Act, including Section 5 of the Act, 42 U.S.C. § 1973(c).

Under Section 5, they have been required to obtain preclearance from the Attorney General for

any change in voting standards, practices and procedures since the Act's November 1, 1964,

coverage date for Virginia.

      5.      The population of the County as reported in the 2010 Census was 30,042 persons

of which 97.1% were white, 0.6% were black, 2.6% were Hispanic, 0.2% were Asian, 0.2% were

American Indian, and 0.6% reported two or more races.  The School District has the same

geographic boundaries and population as the County.

      6.      The Town had a 2010 population of 2681 persons of which 97.4% were white,

0.6% were black, 0.7% were Asian, 2.3% were Hispanic, 0.2% were American Indian; and 0.7%

reported two or more races.

      7.      The County Board of Supervisors (the "County Board") is the governing body

that formulates policies for the administration of government in the County.  It is comprised of

six Supervisors, each of whom serves four-year terms; the terms are staggered.  Five of the

Supervisors are elected from single-member districts and one Supervisor is elected at-large.

      8.      The Carroll County School Board (the "School Board") is the governing body for

the School District.  It is comprised of six School Board members, each of whom serves a four-

year term; the terms are staggered.  Five of the School Board members are elected from single-member districts and one Board member is elected at-large.

9.    The governing body of the Town is the Town Council.  The Town Council and is comprised of five Council members.  The Mayor is elected at large every two years and votes only in case of a tie.  Four Council members are elected from four single-member districts and serve four-year staggered terms.

10.    Registered voters in the Town are eligible to vote in Town Council, County, and School Board elections.

11.    The 2010 voting age population of the County (18 years of age or older) was 23,823 (79.3% of the total population).  A significant proportion of the County's voting age population is registered to vote.  In 2010, there were 18,340 registered voters in the County, a significant increase in the past decade.

12.    Voter turnout in elections varies according to the elected offices.  In the last Presidential elections (2000, 2004 and 2008), large numbers of the County's registered voters turned out to vote (11,102, 17,319, 18,255 respectively).  In the elections for state, County, and Town offices fewer of the registered voters turned out to vote.

13.    There have been no minority member candidates who have run in any of the County, School District, or Town elections during the past decade.

14.    There are 18 polling places, plus a Central Absentee Voting Precinct (where anyone can vote absentee and all absentee ballots are counted), for a total of 19 polling places. All of the election districts have at least three polling places.  All polling places in the County are accessible to voters with physical disabilities.

15.    There are a minimum of four election officials (poll workers) assigned to each polling place with some polling places having as many as eleven election officials depending on

the type of election and the number of registered voters.  In at least the past ten years, no person recommended to serve as a poll worker has been rejected by the Electoral Board.

16.     There have been no reported incidents of insufficient manpower capacity or lack of accessibility for the disabled in any election during the past decade.

17.     Voter registration opportunities in the County are readily and equally available to all resident citizens.

18.     Voters in Carroll County may register in person at the County Electoral Board office, or by mail. Voter registration applications are available at locations convenient to voters throughout the County and at various state agencies.

19.     The opportunity to become a registered voter in the County is also available under the National Voter Registration Act at Department of Motor Vehicle offices and at public assistance agencies in Carroll County.

20.     No person in the County or the Town has been denied the right to vote on account of race, color, or membership in a language group for at least the preceding ten years.

21.     The County has a three-member Electoral Board, appointed by the Chief Judge of the Circuit Court pursuant to Virginia state law.  (*Virginia Code* § 24.2-115 as amended.)  The Electoral Board has responsibility under Virginia law for overseeing the election process in the County, including the appointment of election officials who man the polls.

22.     Within at least the past ten years, the County, School District, and Town have not enforced any voting change prior to receiving Section 5 preclearance. Since 2001, there were eight pre-clearance submissions to the U.S. Department of Justice were made by the County, three were made by the School Board, and two were made by the Town.

23.     The County, the School Board, and the Town for at least the past ten years have not been the subject of any lawsuit in which it was alleged that a person was being denied the right to vote on account of race, color, or membership in a language minority group.

24.     Neither the United States District Court for the District of Columbia nor the United States Attorney General have denied preclearance to any voting change made on behalf of the County School District, or Town in at least the past ten years.

25.     No "test or device" as defined in the Voting Rights Act (42 U.S.C. § 1973(b)(c)) has been used in Carroll County as a prerequisite to either registering or voting for at least the preceding ten years.

26.     No person in Carroll County has been denied the right to vote on account of race, color, or membership in a language minority group for at least the past ten years.

27.     No final judgment of any court of the United States has determined that denials or abridgments of the right to vote on account of race or color have occurred in the County, or Town nor has the County or Town entered into any consent decree, settlement or agreement resulting in any abandonment of a voting practice challenged on such grounds for at least the preceding ten years. There are no pending actions against the County, School District, or Town alleging such denials or abridgments of the right to vote.

28.     For at least the past ten years, no voting procedure or method of election that inhibits or dilutes equal access to the electoral process by minority voters in the County has been employed.

29.     Federal examiners or observers have never been appointed or assigned to Carroll County for at least the preceding ten years.

30.     No voting practices or procedures have been abandoned by the County or challenged on the grounds that such practices or procedures would have either the purpose or the

effect of denying the right to vote on account of race, color, or membership in a language minority group for at least the preceding ten years.

31.     The County has not employed any voting procedures or methods of election that inhibit or dilute equal access to the electoral process by minority voters in the County.  Minority voters in the County are not being denied an equal opportunity to elect candidates of their choice in County, School Board, or Town elections for at least the preceding ten years.

32.     There are no known incidents in the County where any person exercising his or her right to vote has been intimidated or harassed at the polls (or while attempting to register to vote) for at least the preceding ten years.

33.     Pursuant to 42 U.S.C. §1973b, the County has publicized the filing of this complaint asking the U.S. District Court for the District of Columbia to approve the bailout of the County from the pre-clearance requirements of the Act.  On June 20, 2012, a notice appeared in the *Carroll News*.  Notices were also posted at the Carroll County offices, the Town of Hillsville, Electoral Board and Carroll County School Board.  This Notice was also delivered with a request that it be posted at other post offices throughout the County and at various County offices.  The notices will remain posted until this matter is determined.

34.     The allegations set forth above, if established, entitle Carroll County to a declaratory judgment under Section 4 of the Voting Rights Act, 42 U.S.C. §1973b, exempting the County and all governmental units within the County from the special remedial provisions of the Voting Rights Act.

WHEREFORE, Plaintiff Carroll County respectfully prays that this Court:

A.  Convene a three-judge court, pursuant to 28 U.S.C. §2284 and 42 U.S.C. §1973b, to hear and determine the claims raised in Plaintiff's complaint;

B.  Enter a declaratory judgment that Plaintiff Carroll County and all governmental units within the County are entitled to a bailout from the special remedial provisions of the Voting Rights Act; and

C.  Grant such other relief as may be necessary and proper as the needs of justice may require.

Respectfully Submitted,

FOR CARROLL COUNTY, VIRGINIA

By Counsel

_____ */s/ John G. Butler, III* _____
John G. Butler, III (DCB# 460969)
SANDS ANDERSON PC
Bank of America Center
1111 East Main Street, Suite 2400
Richmond, Virginia  23219
(804) 783-7227 (Telephone)
(804) 783-7291 (Facsimile)
jbutler@sandsanderson.com


Phyllis C. Katz (VSB #22259) (Pro hac vice)
SANDS ANDERSON PC
Bank of America Center
1111 East Main Street, Suite 2400
Richmond, Virginia  23219
(804) 783-7287 (Telephone)
(804) 783-7291 (Facsimile)
pkatz@sandsanderson.com